**Isidro MANLANGIT, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 73–1700.**

United States Court of Appeals, Fourth Circuit.

Argued Nov. 8, 1973.

Decided Dec. 18, 1973.

Michael I. Gordon, Baltimore, Md. (Smullian & Gordon, Baltimore, Md., on brief) for petitioner.

Mary Jo Grotenrath, Atty., U. S. Dept. of Justice (John L. Murphy, Chief Government Regulations Section, Crim. Div., Brian P. Gettings, U. S. Atty., David G. Lowe, Asst. U. S. Atty., on brief) for respondent.

Before WINTER, BUTZNER and FIELD, Circuit Judges.

PER CURIAM:

Petitioner, Isidro Manlangit, challenges an order of the Board of Immigration Appeals that he be deported as an alien under the provisions of Section 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(2). The order was based on the fact that Manlangit, a native and citizen of the Republic of the Philippines, entered the United States in September of 1969 as a temporary visitor and had remained beyond the time permitted for his stay in this Country.

Manlangit was born in the Philippines on April 6, 1936, two years after Congress enacted the Philippine Independence Act of March 24, 1934, 48 U.S.C. (1946 ed.) Section 1244. Section 14 of that Act, which became operative upon the Proclamation of Philippine independence [1] on July 4, 1946, provides:

"Upon the final and complete withdrawal of American sovereignty over

1. Presidential Proclamation No. 2695, 11 Fed.Reg. 7517.

the Philippine Islands the immigration laws of the United States (including all the provisions thereof relating to persons ineligible to citizenship) shall apply to persons who were born in the Philippine Islands to the same extent as in the case of other foreign countries."

The Immigration and Naturalization Service takes the position that under the foregoing section Manlangit lost his status as a non-citizen national and became an alien on July 4, 1946, the date of the Proclamation.

Petitioner contends that the involuntary change of his status from that of a non-citizen national at the time of his birth in the Philippine Islands to that of a complete alien without giving him the right to make an election as to his allegiance upon attaining his majority is a violation of his constitutional rights as an individual born under the protection of the United States. An argument substantially similar to this was advanced and rejected in Rabang v. Boyd, 353 U. S. 427, 430–431, 77 S.Ct. 985, 987, 1 L. Ed.2d 956 (1957), in which the Court stated:

"Section 14 of the Independence Act in clear language applies 'to persons who were born in the Philippine Islands.' This language demonstrates, and we hold, as did the courts below, that persons born in the Islands, and who thereby were nationals of the United States became aliens on July 4, 1946, regardless of permanent residence in the continental United States on that date."

Petitioner's suggestion that *Rabang* was diluted by the decision in Afroyim v. Rusk, 387 U.S. 253, 87 S.Ct. 1660, 18 L. Ed.2d 757 (1967), is without merit for the decision in that case dealt with the rights of a naturalized American citizen, whereas the petitioner's status was for a brief period of time only that of a non-citizen national.

We find that the petitioner was properly treated as an alien and, accordingly, the petition is dismissed.