MATTER OF AH SAN

In'Exclusion Proceedings

A–20968308

*Decided by Immigration Judge January 31, 1975*
*Affirmed (with qualification) by Board May 13, 1975*

The applicant for admission is a native and citizen of Western Samoa. She is the child of a
non citizen national born in American Samoa. She seeks admission as the daughter of an
alien lawfully admitted for permanent residence as the beneficiary of a second prefer-
ence visa petition filed under section 203(a)(2) of the Immigration and Nationality Act.
Applicant's mother never resided in the United States, having only visited the United
States for three weeks. However, as a national of the United States, she need not have
resided in the United States to have at least the rights of an alien lawfully admitted for
permanent residence. A national of the United States does not lose such status unless he
does so by voluntary relinquishment of Congress changes such status by legislation. The
immigration judge's order admitting the applicant for permanent residence is approved.

EXCLUDABLE:  Act of 1952—Section 212(a)(20) [8 U.S.C. 1182(a)(20)]—Immigrant—no
valid immigrant visa.

ON BEHALF OF SERVICE:  Robert'T. Griffin, Esquire,
Trial Attorney
Los Angeles, California

## BEFORE THE IMMIGRATION JUDGE
(January 31, 1975)

The applicant herein is a single female alien 14 years of age, a native
and citizen of Western Samoa. The applicant arrived in the United
States on September 3, 1974, at Honolulu, Hawaii and at that time
presented an immigrant visa and a Western Samoan passport. The
immigrant visa which is Exhibit No. 3 in evidence discloses that it was
issued to the applicant on the basis of her having a second preference.
Attached to the visa is a visa petition which was filed by the applicant's
mother in her behalf and which was approved by the district director at
Honolulu, Hawaii on June 23, 1974, granting to the applicant preference
quota status under Section 203(a)(2) of the Immigration and Nationality
Act. The petition discloses that the applicant's mother is a national of
the United States by reason of birth at Malaeloa, American Samoa on
March 3, 1941. The Immigration Service presents the issue that since

the mother has not resided in the United States the applicant is not entitled to a second preference.

The applicant testified that her mother has always resided in American Samoa except for a visit which she made to the United States in 1974, for three weeks, when she stayed at San Francisco, California and then returned to American Samoa. She testified that this was the only time that her mother has been in the continental United States. There is no issue concerning the maintenance of the applicant. Although she is only 14 years of age the applicant will be in the custody of Reverend Allan E. Williams, the father of a cousin of the applicant, and assurances have been given by Reverend Williams that the applicant will be taken care of in the United States. The only issue presented is the legal issue concerning the rights of a national of the United States in conferring preferences on the basis of their being considered to be permanent residents of the United States.

There is little by way of legal authority with respect to the rights of nationals of the United States. The only case which has any analogy to the facts in the instant case is *Matter of B—*, 6 I. & N. Dec. 555 where the Board of Immigration Appeals considered the legal rights possessed by nationals of the United States with respect to filing petitions for relatives. The Board there stated as follows at page 556 "Section 203-(a)(3) provides a preference for children of aliens lawfully admitted for permanent residence. The term "lawfully admitted for permanent residence" is defined in Section 101(a)(20) as the status of having been accorded the privilege of residing in the United States as an immigrant. The petitioner is a national in possession of a United States passport and thus appears to have been lawfully accorded the privilege of residing permanently in the United States. She will be regarded as elegible to file a petition for a preference under Section 203(a)(3) and the visa petition will be approved for third preference status for the minor beneficiary." This decision would appear to hold that a national of the United States may be considered to have the rights of a permanent resident of the United States. I would, however, state this even more broadly. A national of the United States does not have the rights of a citizen of the United States. However, as a national he is accorded certain rights and privileges by reason of being a national which should be at least equal to those of an alien who has been admitted to the United States for permanent residence. In fact, the rights will be even larger than those of an alien who has been admitted for permanent residence because a national would not have to comply with the requirements of the definition of a permanent resident as contained in Section 101(a)(20) of the Immigration and Nationality Act, nor would any strictures which may be contained in Section 212(a)(20) of the Act apply. It is noted that in the report of the Committee on the Judiciary

pursuant to Senate Resolution 137, dated April 20, 1950, it was stated at pages 663 and 664 of the report with respect to natives of Guam and American Samoa "Most of the native inhabitants of these possessions are nationals of the United States and as such they are not subject to the exclusion provisions of our immigration laws." (Report No. 1515).

This is similarly stated in *Gordon and Rosenfeld – Immigration Law and Procedure* in Section 2.3(c) "But there are still some persons who are noncitizen nationals. As such they are not aliens and consequently have never been subject to the immigration laws. They can enter and leave the United States at will, in the same manner as citizens." See also Section 4.5(c) of the same volume.

The decisions of the Board of Immigration Appeals as they have been rendered with respect to nationals of the United States and particularly with respect to natives of American Samoa are not too clear insofar as the issue in the present case is concerned. Those decisions are as follows: *Matter of S—,*3 I. & N. Dec. 589; *Matter of B—,*3 I. & N. Dec. 729; *Matter of A—,*5 I. & N. Dec. 144; *Matter of T—,*5 I. & N. Dec. 380. The only recent reported decision by the Board of Immigration Appeals relating to American Samoa is in *Matter of Tuitasi* rendered on September 26, 1974. This decision has been scheduled for publication.

As I have stated the published decisions are not too helpful in determining the rights of nationals of the United States. I consider that a national while he does not have the rights of a citizen of the United States has at least the rights of a permanent resident of the United States, and that he has these rights regardless of whether he complies with the usual requirements relating to permanent residence. In other words, I do not believe that a national of the United States can ever forfeit his right to enter the United States or to be considered as a permanent resident of the United States unless he voluntarily renounces his allegiance to the United States as a national of the United States. So long as he retains his status as a national of the United States he should be considered to have the rights of a lawful permanent resident of the United States. It would, therefore not be necessary that he comply with such matters as maintaining a residence in the United States or having intention of returning to the United States or in connection with the filing of a visa petition that he establish that he is a resident of the United States. Apparently the theory of the Government is that the preference prescribed by Section 203(a) of the Immigration and Nationality Act as also in connection with the status as an immediate relative of the United States under Section 201(b) of the Act was enacted by Congress for the purpose of combining families and that it is to be used in that fashion. Actually neither the Act nor the Regulations require that it be established that the beneficiary is accompanying or coming to join a permanent resident of the United States. I do not believe that that is one of the

317

requirements in connection with preferences or immediate relative status, but even if it were to be taken to be so, I do not consider that it is applicable where a national of the United States is involved. The national is residing in a territory of the United States, being American Samoa, and I see no reason why he should have to establish that he is residing within the geographical United States for the purpose of conferring preference upon a child.

I will resolve the legal issue in this case in favor of the applicant. The Immigration Service has, however, requested that because of the importance of the issue involved herein and for the purpose of getting a specific adjudication of the question that I certify this case to the Board of Immigration Appeals. I will do so.

**ORDER:** It is ordered that the applicant be admitted to the United States for permanent residence.

IT IS FURTHER ORDERED that this case be certified to the Board of Immigration Appeals for final decision.

## BEFORE THE BOARD
### (May 13, 1975)

In a decision dated January 31, 1975, the immigration judge ordered the alien applicant admitted to the United States for permanent residence, and he certified his decision to us at the request of the Service because of the importance of the issue involved.

Our review of the record satisfies us that the decision of the immigration judge correctly sets forth the facts and properly applies the pertinent legal principles. We agree with his conclusion that *Matter of B—*, 6 I. & N. Dec. 555 (BIA 1955), stands for the proposition that, although a noncitizen national of the United States does not have the rights of a citizen, he or she is accorded certain rights and privileges by reason of being a national which are at least equal to those of an alien who has been lawfully admitted to the United States for permanent residence. We also concur in his observation that the rights of a noncitizen national are greater than those of a lawful permanent resident because a noncitizen national is not subject to the definition of "lawfully admitted for permanent residence" contained in section 101(a)(20) of the Immigration and Nationality Act, nor is a national subject to the exclusion and deportation provisions of the Act.

We do note, however, that the immigration judge's statement that he does not believe "that a national of the United States can ever forfeit his right to enter the United States or to be considered as a permanent resident of the United States unless he voluntarily relinquishes his allegiance to the United States as a national of the United States," should be qualified with the observation that Congress can undoubtedly deprive a noncitizen national of his status by legislation without regard

to voluntariness on the noncitizen national's part. *Rabang* v. *Boyd,* 353 U.S. 427 (1957); *Manlangit* v. *INS,* 488 F.2d 1073 (C.A. 4, 1973).

We shall affirm the decision of the immigration judge with the foregoing qualification.

**ORDER:** The immigration judge's decision is affirmed.